UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMPHONE LOUPRASONG, | Case No. 2:24-cv-3416-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| Y. SALINAS GOLZALEZ, *et al.*, | |
| Defendants. | |

     Plaintiff has filed a civil rights action along with an application to proceed *in forma pauperis*. Plaintiff's *in forma pauperis* application shows an available balance of $1,496, which appears to be more than enough to cover the $405 filing fee. Instead of recommending that plaintiff's application be denied, on December 19, 2024, I ordered plaintiff to explain why he cannot both pay the filing fee and still afford his necessities. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."); ECF No. 4.

     When plaintiff did not file a response, I ordered plaintiff (1) to show cause why this action should not be dismissed based on his failure to comply with court orders, and (2) to file a response to my December 19, 2024 order. ECF No. 5. Thereafter, plaintiff filed a motion to appoint counsel. ECF No. 6. Nowhere in that motion does plaintiff respond to the

1

court's December 19 or January 24 orders. In light of plaintiff's pro se status, I will grant him a final opportunity to explain why he cannot both pay the filing fee and still afford his necessities. Should he fail again to comply with this directive, I will recommend that this action be dismissed for failure to comply with court orders.

Plaintiff's request for counsel is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant granting a request for voluntary assistance of counsel. Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 6, is DENIED without prejudice.

2. Plaintiff must file a response to the December 19 order within twenty-one days. Should he choose not to, I will recommend that this action be dismissed for failure to comply with court orders.

IT IS SO ORDERED.

Dated:   March 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3