|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| AMPHONE LOUPRASONG, | Case No. 2:24-cv-3416-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| Y. SALINAS GOLZALEZ, *et al.*, | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, requested leave to proceed *in forma pauperis* and submitted an affidavit in support of his application, as required by 28 U.S.C. § 1915(a)(1). ECF No. 2. Because plaintiff's affidavit and trust account demonstrated that he sufficient funds to cover the filing fee and still afford the necessities of life, I directed plaintiff to file a response stating why he should be allowed to proceed *in forma pauperis*. ECF No. 4. Plaintiff failed to comply with that order, so, on January 24, 2025, I ordered plaintiff to show cause for why this action should not be dismissed for his failure to comply with court orders. ECF No. 5.

In response, plaintiff filed a motion seeking appointment of counsel. ECF No. 6. I denied that motion and allowed plaintiff a final opportunity to explain why he should be able to proceed *in forma pauperis*. ECF No. 7. Plaintiff filed a response to the January 24 order. ECF No. 8. Therein, he stated that he wants to "cancel his application to proceed in forma pauperis," in part because he will be sentenced to a term of incarceration on April 7, 2025. *Id.* In light of that

1

1    representation, I directed the Clerk of Court to administratively withdraw plaintiff's application to
2    proceed *in forma pauperis* and to order plaintiff to submit the full filing fee within twenty-one
3    days.  ECF No. 9.  I also warned plaintiff that should he fail to comply with the court's order, I
4    would recommend that this action be dismissed.  *Id.* at 2.  The time for plaintiff to respond has
5    passed without word from him.[1]

6         The court has the inherent power to control its docket and may, in the exercise of that
7    power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,
8    216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
9    comply with these Rules or with any order of the Court may be grounds for imposition by the
10   Court of any and all sanctions . . . within the inherent power of the Court.").

11        A court may dismiss an action based on a party's failure to prosecute an action, failure to
12   obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54
13   (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
14   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
15   complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
16   comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
17   *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
18   order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
19   prosecution and failure to comply with local rules).

20        In recommending that this action be dismissed for failure to pay the filing fee and failure
21   to comply with court orders, I have considered "(1) the public's interest in expeditious resolution
22   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
23   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
24   drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

25        As laid out above, plaintiff has failed to engage in the litigation process repeatedly.

---

[1] Although it appears from the file that plaintiff's copy of the May 5, 2025 order was returned, plaintiff was properly served.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is effective.

2

1    Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its
2    docket, and the risk of prejudice to the defendant all cut in favor of the sanction of dismissal.  My
3    warning to plaintiff that failure to obey court orders will result in dismissal satisfies the
4    "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-
5    33; *Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from
6    his noncompliance.  Accordingly, I find that the balance of factors weighs in favor of dismissal.

7           Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge this
8    matter.

9           Further, it is hereby RECOMMENDED that this action be DISMISSED for plaintiff's
10   failure to pay the filing fee and failure to comply with court orders.

11          These findings and recommendations are submitted to the United States District Judge
12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
13   service of these findings and recommendations, any party may file written objections with the
14   court and serve a copy on all parties.  Any such document should be captioned "Objections to
15   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
16   within fourteen days of service of the objections.  The parties are advised that failure to file
17   objections within the specified time may waive the right to appeal the District Court's order.  *See*
18   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
19   1991).

IT IS SO ORDERED.

Dated:    June 10, 2025                              _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE

3